Opinion issued April 10, 2003











In The

Court of Appeals

For The

First District of Texas






NO. 01-02-00669-CV






NORTHWEST DODGE, INC., Appellant


v.


TONY LYNN WOODY, Appellee






On Appeal from the County Civil Court at Law No. 2

Harris County, Texas

Trial Court Cause No. 763,019





MEMORANDUM OPINION


 Northwest Dodge, Inc., appellant, sued Tony Lynn Woody, appellee, for the balance
of $10,0978.98 owed on a 2001 Dodge Durango and attorney's fees. Trial was to the court,
which, at the request of Northwest Dodge, made findings of fact and conclusions of law. The
court rendered judgment that Northwest Dodge recover $2,190, plus attorney's fees and costs
in the amount of $1,000. Northwest Dodge appealed. We modify the judgment and, as
modified, affirm. 

BACKGROUND


 Woody settled a "lemon law" dispute with Daimler Chrysler Motor Corporation
(Chrysler). The settlement document, signed by Woody and a Chrysler representative,
provided that Chrysler would replace Woody's vehicle with a comparable, new Chrysler
product of Woody's choice, and Woody would be responsible for the difference between the
manufacturer's suggested retail price of the current vehicle and the new vehicle. In addition,
Woody would pay a usage fee for mileage on the current vehicle. Chrysler would pay the
license, title, and documentation fees associated with the new vehicle and transfer any
services contracts from the current vehicle to the new vehicle. Woody requested that a TV,
DVD player, and a brush guard be installed as optional accessories. 

 When the new vehicle was ready, Woody went to Northwest Dodge to pick it up. 
Woody was allowed to take the vehicle without paying the additional money because he had
been a customer on several occasions and was an employee of the sheriff's department. 
Northwest Dodge attempted to contact Woody about the amount owed, but he did not return
their calls. Northwest Dodge filed suit. 

 After the trial court rendered judgment for Northwest Dodge for $2,190, plus $1,000
in attorney's fees and costs, Northwest Dodge requested findings of fact and conclusions of
law. The trial court found that Woody had never agreed to pay any monetary consideration
to Northwest Dodge, but that the optional accessories were not part of the settlement. The
court concluded that Woody was indebted to Northwest Dodge in the amount of $2,190 for
those accessories. 

 Northwest Dodge requested additional findings of fact and conclusions of law. In
these additional findings, the court found that Chrysler offered to sell, and Woody agreed to
buy, a 2001 Dodge pursuant to the terms set forth in the Chrysler Settlement Agreement and
a letter from the arbitration group to Northwest Dodge (plaintiff's exhibits 1 and 2). The
court also found that Woody owed the difference in the retail sticker prices, $5,073.45 in
mileage charges, and $2,326.88 for additional equipment and that Northwest Dodge had
incurred reasonable and necessary attorney's fees in the amount of $4,100. The court
concluded that Woody owed Northwest Dodge a total of $10,978.98, plus attorney's fees. 
The trial court did not modify its final judgment. 

DISCUSSION


 On appeal, Northwest Dodge contends, in its first point of error, that the trial court
erred in rendering judgment for $2,190 when the trial court's amended findings of fact and
conclusions of law established Woody's debt to be $10,978.98. We agree. Although the trial
court's additional findings and conclusions are in conflict with the original findings and
conclusions, the conflict must be resolved in favor of the later findings. See Jefferson County
Drainage Dist. No. 6 v. Lower Neches Valley Auth., 876 S.W.2d 940, 960 (Tex.
App.--Beaumont 1994, writ denied). The trial testimony and exhibits support the trial
court's findings and conclusion that Woody owed Northwest Dodge $10,978.98. Therefore,
the trial court erroneously rendered judgment for $2,190. We sustain Northwest Dodge's
first point of error. 

 In its second point of error, Northwest Dodge contends that the trial court erred in
awarding attorney's fees of $1,000 because the trial court found, in its amended findings of
fact, that a reasonable and necessary attorney's fee was $4,100. Again, we agree. Jeremy
Brown, Northwest Dodge's general sales manager, testified regarding the necessity of
retaining an attorney to pursue Northwest Dodge's claim, and counsel testified regarding the
reasonableness of his fee. Thus, there was evidence to support the trial court's additional
finding. We sustain Northwest Dodge's second point of error. 

 We modify the trial court's judgment to award Northwest Dodge $10,978.98 against
Woody, plus attorney's fees and costs in the amount of $4,100. We affirm the judgment as
modified. 



 Sam Nuchia

 Justice

Panel consists of Chief Justice Radack and Justices Nuchia and Hanks.